**Varazdat MOVSESIAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75158.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 2, 2008.

Robert J. Dupont, Wilner & O'Reilly, APLC, Cerritos, CA, for Petitioner.

Varazdat Movsesian, pro se.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, April Anita Christine, Office of the U.S. Attorney, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Varazdat Movsesian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision as the final agency action. *See Mansour v. Ashcroft,* 390 F.3d 667, 671 (9th Cir.2004). We review the IJ's decision for substantial evidence. *Id.* We dismiss in part, and deny in part, the petition for review.

Because the IJ did not make an explicit adverse credibility determination, we accept Movsesian's testimony as true. *See id.* at 671–672.

Substantial evidence supports the IJ's finding that the harms Movsesian experienced were not sufficiently severe enough to rise to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–1017 (9th Cir.2003); *see also Prasad v. INS,* 47 F.3d 336, 340–341 (9th Cir.1995).

Substantial evidence also supports the IJ's finding that Movsesian does not have a well-founded fear of future persecution based on his or his father's political activities, because Movsesian did not establish that the Armenian government showed any interest in him personally, nor is there evidence that Armenian authorities have imputed to Movsesian his father's political views. *See Belayneh v. INS,* 213 F.3d 488,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

491 (9th Cir.2000); *see also Sangha v. INS,* 103 F.3d 1482, 1490–1491 (9th Cir. 1997).

Because Movsesian fails to establish eligibility for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal. *See Mansour,* 390 F.3d at 673.

In his opening brief, Movsesian failed to raise, and therefore has waived, any challenges to the IJ's denial of relief under CAT. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

Finally, this court does not have jurisdiction to review Movsesian's claim that the IJ exhibited bias and prejudice with regard to his eligibility for military service and his shaved head because Movsesian did not exhaust this claim before the BIA. *Sanchez–Cruz v. INS,* 255 F.3d 775, 780 (9th Cir.2001).

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

Circuit Judge BERZON, dissenting.

I dissent. I do not believe that our case law supports the IJ's conclusion that Movsesian failed to establish past persecution. Therefore, I would grant the petition for review in part.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).